UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEGO EGBUONU, | ) | |
| | ) | |
| Plaintiff(s), | ) | No. C04-0003 BZ |
| | ) | |
| v. | ) | **PRETRIAL ORDER** |
| | ) | |
| NATIONAL RAILROAD PASSENGER CORP., aka AMTRAK, | ) ) | |
| | ) | |
| Defendant(s). | ) | |

The pretrial conference in this case was held on March 20, 2007. Plaintiff was represented at the conference by Anthony S. Petru, Esq. and John Furstenthal, Esq. Defendant was represented by B. Clyde Hutchinson, Esq. and Karen Elizabeth Giquinto, Esq.

This Order shall control the subsequent conduct of the case and be modified only to prevent manifest injustice. See Fed. R. Civ. P. 16(e).

**1. LENGTH AND TIME OF TRIAL**

Trial shall begin on **Wednesday, April 11, 2007**, **at 8:30 a.m.** in Courtroom G, 15th Floor, Federal Building, 450 Golden

1  Gate Avenue, San Francisco, California 94102.  The trial
2  schedule is as follows:  **8:30 a.m. - 1:30 p.m.**
3      Plaintiff shall be prepared to call witnesses **Wednesday,**
4  **April 11, 2007.**  Plaintiff shall have a total of 17 hours and
5  defendant shall have a total of 8 hours within which to
6  present testimony.  Each side shall schedule witnesses to
7  avoid any interruption in the presentation of testimony.
8      **2.    JURY INSTRUCTIONS**
9      Rulings on the instructions were made on the record at
10 the pretrial conference.  The parties shall submit revised or
11 additional instructions as discussed during the conference.
12 A chambers copy of all jury instructions shall be submitted on
13 a diskette formatted in WordPerfect 8, 9, 10, or 13 or may be
14 e-mailed to the following address: bzpo@cand.uscourts.gov
15     **3.    RULING ON DEFENDANT'S MOTION TO BIFURCATE TRIAL**
16     Defendant's motion to bifurcate the punitive damages
17 portion of the trial is **DENIED**.  Proper instructions and a
18 carefully crafted verdict form will avoid confusion, and a
19 limiting instruction will suffice to obviate any prejudice
20 that may accompany the introduction, if any, of evidence of
21 defendant's financial condition.
22     **4.    RULINGS ON MOTIONS *IN LIMINE***
23     The Court makes the following rulings on the motions *in*
24 *Limine* filed by the defendant:
25     (1)  Defendant's motion to exclude evidence of complaints
26 of alleged sexual harassment by a coworker against conductor
27 Shawn Teller is **GRANTED**.  While employee prior acts may be
28 relevant to show intentional discrimination or that the

employer knew of and ratified such behavior, such evidence has to have a connection to the protected group pertinent to the case.  Cf., Heyne v. Caruso, 69 F.3d 1475, 1479 (9th Cir. 1995) (allowing plaintiff alleging sexual harassment to introduce evidence of supervisor's sexual harassment of others).  This evidence is not relevant to plaintiff's allegations of defendant's alleged racial and national origin discrimination, or ratification thereof.  Moreover, any relevance is far outweighed by the danger of unfair prejudice.  Fed. R. Evid. 403.

(2)  Defendant's motion to exclude evidence of complaints pertaining to conductor Shawn Teller's interactions with passengers is **DENIED**.  This evidence may be relevant to demonstrate Teller's intent or purpose, or whether defendant knew of and ratified Teller's tortious behavior.  See Fed. R. Evid. 404(b).  The value of this evidence outweighs any prejudice to defendant.  Fed. R. Evid. 403.  The parties, however, are cautioned to avoid consumption of time on collateral issues.

(3)  Defendant's motion to limit the number of witnesses plaintiff will call is **DENIED**.  The adoption of time limits should eliminate unnecessarily cumulative testimony.

(4)  Defendant's motion to exclude the 1996 newspaper articles is **GRANTED**.  The evidence is hearsay, is dated, and is not in any way related to the events at issue or defendant's west coast operations.  Any relevance is far outweighed by the danger of unfair prejudice.  Fed. R. Evid. 403.

**5.   OBJECTIONS TO EXHIBITS**

The Court makes the following rulings on defendant's objections to plaintiff's proposed exhibits:

<u>Plaintiff's Exhibit 11</u>: For the reasons expressed in paragraph 4(4), this objection is **SUSTAINED**.  Exhibit 11 is excluded.

<u>Plaintiff's Exhibit 12</u>: For the reasons expressed in the March 20 conference, this objection is **OVERRULED** subject to renewal if the parties are unable to resolve the foundational issues prior to trial.

<u>Plaintiff's Exhibit 13</u>: For the reasons expressed in the March 20 conference, this objection is **OVERRULED** subject to renewal if the parties are unable to resolve the foundational issues prior to trial.

**6.   MISCELLANEOUS**

Plaintiff shall by **Wednesday, March 20, 2007**, inform defendant and this Court in writing as to whether she intends to submit evidence at trial of defendant's wealth.

Should defendant seek to introduce evidence at trial of defendant's poverty, it shall file notice of such intention, with citation to authority, by **Wednesday, March 28, 2007.**  Any objection by plaintiff shall be filed by **Wednesday, April 4, 2007.**

Defendant shall lodge the transcripts of any depositions it anticipates using at trial by **Wednesday, March 28, 2007.**

Plaintiff shall file any objections to defendant's designation of deposition testimony by **Wednesday, March 28, 2007.**

4

1   Plaintiff shall file a designation of deposition
2 testimony by **Wednesday, March 28, 2007.**  Simultaneously,
3 plaintiff shall lodge the transcripts of any depositions it
4 anticipates using at trial.  Any objections from defendant
5 shall be filed by **Wednesday, April 4, 2007.**
6   For the reasons discussed at the conference, and as
7 agreed by the parties, the parties shall craft and file by
8 **Wednesday, March 28, 2007**, joint instructions relating to the
9 "common carrier" claim and the defense of contributory
10 negligence.
11   Any objections to the proposed Special Verdict form
12 provided to the parties at the March 20 conference shall be
13 filed by **Wednesday, April 4, 2007**.
14   Any party who desires a transcript of the trial must make
15 arrangements with the court reporter.  Any party who needs an
16 interpreter or audio or visual equipment shall make its own
17 arrangements for same and clear all such equipment with court
18 security personnel.
19   The parties are instructed to notify the court
20 immediately if this action should settle before the
21 commencement of trial.
22 Dated: March 21, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\EGBUONU\PRETRIAL\PRETRIAL.ORD.DRAFT.wpd

5